**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

HENRY H. VAN ES,

        Plaintiff,

vs.                                                     No.  CV 01-401 JP/RLP

INTERNAL REVENUE SERVICE,

        Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

On April 9, 2001 this case was transferred here from the United States District Court for the Northern District of California.  On April 16, 2001 Defendant, United States of America, Internal Revenue Service, filed its Motion To Dismiss or For Summary Judgment.  Plaintiff has failed to respond to the motion.  However, the United States attached to its motion an unfiled document signed by Plaintiff, bearing the caption of this case, and entitled "Cancelation (sic) of Instrument and Response To Motion For Dismissal or Summary Judgement (sic)."  Because Plaintiff is proceeding *pro se*, the Court has considered Plaintiff's unfiled document as his response to the Defendant's motion.

This is an action for a refund of tax penalties assessed against Plaintiff under 26 U.S.C. § 6702 for filing frivolous income tax returns.  The penalties were assessed in 1997 for filings made by Plaintiff for the tax year 1994.  Plaintiff paid the penalties and filed a Claim for Refund on May 31, 1997.  On September 3, 1997 Plaintiff received a Notice of Disallowance from the IRS rejecting his claim for refund of the penalties.

Under 26 U.S.C. § 6532(a)(1), a refund suit must be brought within two years from the time the Claim for Refund is disallowed.  The United States argues that this action is time-barred because Plaintiff filed it in federal district court in California on October 26, 2000, more than three (3) years after his claim was disallowed.

As is true for most suits against the federal government, the statute of limitation contained in § 6532 is jurisdictional.  <u>Dahn v. United States</u>, 127 F.3d 1249, 1252 (10th Cir. 1997); <u>Dieckmann v. United States</u>, 550 F.2d 622, 623-24 (10th Cir. 1977).  As the party seeking to establish subject-matter jurisdiction, it is Plaintiff's burden to prove that jurisdiction exists.  <u>Ohio Nat'l Life Ins. Co. v. United States</u>, 922 F.2d 320, 324 (6th Cir. 1990).

Plaintiff's response challenges a statement in Defendant's brief that the IRS returned his Form 1040 to him before assessing the penalties against him.  Whether or not the 1040 form was returned to Plaintiff is immaterial to the time limitation issue, which turns on the date the claim for refund of the penalty was disallowed.  Plaintiff does not dispute that date.

Plaintiff also chronicles his attempts to resolve this matter without filing suit.  He avers that the IRS denied his request for a face-to-face meeting under the newly-enacted 26 U.S.C. § 6320.  After that denial, Plaintiff filed a complaint in the tax court, which determined that it lacked jurisdiction of the claim.  The tax court's order of dismissal states:  "Petitioner is reminded of the applicability of section 6330(d)(1), Internal Revenue Code, which provides a 30-day period for filing an appeal with the correct court."  Plaintiff filed his Complaint in the federal district court in California less than 30 days after the tax court's dismissal order.

It is highly doubtful that equitable tolling could be applied to the two-year limitation contained in § 6532(a)(1) after the Supreme Court's unanimous decision in <u>United States v.</u>

2

Brockamp, 519 U.S. 347 (1997) (holding that equitable tolling does not apply to the limitations periods contained in 26 U.S.C. § 6511).  But even if equitable tolling could apply, Plaintiff has not established the applicability of equitable tolling in this case.  *See* First Alabama Bank, N.A. v. United States, 981 F.2d 1226, 1228 (11th Cir. 1993) (equitable tolling may excuse tardy filing where taxpayer reasonably relies on representations of IRS); Rosser v. United States, 9 F.3d 1519, 1523 (11th Cir. 1993) (equitable tolling may apply where IRS misleads taxpayer).

The Court concludes that subject-matter jurisdiction is lacking for Plaintiff's claim because the claim is time-barred.

Even if this suit were not barred by the statute of limitations, the United States contends that the Complaint fails to state a claim on its merits.  Plaintiff seeks a refund of penalties he paid that were assessed because the IRS determined that he had filed frivolous tax returns within the meaning of 26 U.S.C. § 6702.  He claims first that the Fifth Amendment permits him to not file an income tax return.  This argument is meritless and has been summarily rejected.  *See, e.g.,* Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990) (holding that arguments such as that income tax is voluntary and that individuals are not required to file tax returns fully reporting their income are "patently frivolous").  Plaintiff also argues that the penalties violate his First Amendment rights.  It is well settled that the § 6702 frivolous return penalty does not abridge a taxpayer's First Amendment rights.  *See, e.g.,* Eicher v. United States. 774 F.2d 27, 29-30 (1st Cir. 1985) (per curiam) (§ 6702 penalizes only noncompliance with tax requirements, not taxpayer's freedom of expression).

Plaintiff's response contains frivolous arguments that merely rehash his position.  He fails to cite a single case to support his position.

3

The Court concludes that Plaintiff fails to state a claim upon which relief can be granted, and that his Complaint should be dismissed.

THEREFORE, IT IS ORDERED that Plaintiff's Complaint should be, and it hereby is, dismissed with prejudice.

_____
CHIEF UNITED STATES DISTRICT JUDGE

For Plaintiff:  Henry H. Van Es, Moriarty, N.M., pro se.

Counsel for Defendant:  Jonathan R. Williams, Dep't of Justice, Dallas, TX